■ R.W. KERN, INC., et al., Appellants-Respondents, v CIRCLE INDUSTRIES CORP., Respondent-Appellant and Third-Party Plaintiff-Appellant. MASONITE CORPORATION, Third-Party Defendant-Respondent.—

We agree with the trial court that, as a matter of law, plaintiff does not have a cause of action for breach of warranty, express or implied. If the contract in issue is deemed one essentially for the sale of goods, a cause of action for breach of warranty would be barred by the four-year Statute of Limitations (UCC 2-725); if, on the other hand, it is deemed one essentially for the provision of a service, a cause of action for breach of warranty cannot lie *(Milau Assocs. v North Ave. Dev. Corp.,* 42 NY2d 482). Nevertheless, we reverse and remand for a new trial since the question of whether defendant dealt fairly with plaintiff should have been submitted to the jury. Evidence at the trial tended to show that the Sykes floor tiles specified in the contract were selected because recommended to plaintiff by defendant, that plaintiff relied on defendant's judgment and skill as a flooring contractor in accepting this recommendation, and that defendant knew that plaintiff was so relying on it. The evidence also tended to show that during the course of the installation of the floor defen-

dant learned of several complaints that had been made concerning a Sykes floor it had recently installed in another building, which evidence was, contrary to the view of it taken by the trial court, sufficient to support an inference of knowledge on defendant's part that Sykes tiles were so defective as to be unfit for the general purposes appropriate to flooring. Plaintiff's reliance on defendant's recommendation of Sykes and defendant's knowledge that Sykes tiles were unfit are both questions that should have been submitted to the jury with instructions that fair dealing required defendant to impart such knowledge to plaintiff and to inform it of the risks of proceeding with the installation. Concerning the third-party action, it too should have been submitted to the jury, absent a motion for a directed verdict or an order severing or bifurcating the third-party claims. Accordingly, at the new trial, the third-party action is to be re-tried along with the main action. Concur—Sullivan, J. P., Carro, Milonas, Ellerin and Wallach, JJ.